IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-01387 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| JEH JOHNSON, Secretary of the U.S. Department of Homeland Security; LEON RODRIGUEZ, Director of U.S. Citizenship and Immigration Services; and NICHOLAS COLUCCI, Chief of the Immigrant Investor Program Office, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Doe has sued Defendants Jeh Johnson, Secretary of the U.S. Department of Homeland Security, Leon Rodriguez, Director of U.S. Citizenship and Immigration Services ("USCIS"), and Nicholas Colucci, Chief of the Immigrant Investor Program Office, alleging that they acted in an arbitrary and capricious manner when denying his I-829 Petition because he had exercised his First Amendment rights by filing a lawsuit (Count V). Plaintiff also claims that denying the petition for this reason exceeded Defendants' statutory and regulatory authority (Count VIII). Defendants move to dismiss Counts V and VIII of Plaintiff's Amended Complaint pursuant to the Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Court denies this motion [15].

### Factual and Procedural Background

The United States allows "qualified immigrants" to enter the country under an EB-5 Visa for the purpose of engaging in a "new commercial enterprise" that would benefit the domestic economy and create full-time jobs. 8 U.S.C. § 1153(b)(5). To obtain an EB-5 Visa, the

1

prospective immigrant must file a Form I-526 Immigrant Petition by Alien Entrepreneur with USCIS. 8 C.F.R. § 204.6. Plaintiff's I-526 Petition was approved by USCIS on June 29, 2011, and he was granted conditional lawful permanent resident status on October 3, 2011. Compl. ¶ 76.

To remove the conditions to permanent resident status, Plaintiff submitted an I-829 Petition on September 16, 2013. Compl. ¶ 78; *see* 8 U.S.C. § 1186b(c); 8 C.F.R. § 216.6. When he received no response, Plaintiff filed a writ of mandamus complaint on June 20, 2014, to compel the USCIS to make a determination about the I-829 Petition. *Id.* ¶ 87; Complaint, No. 14-cv-4665 (N.D. Ill. June 20, 2014), ECF No. 1. By that time, Plaintiff's Petition had been pending for 278 days. Compl. ¶ 87.

On August 15, 2014, USCIS issued a Request for Evidence ("RFE") to Plaintiff requesting additional documents relating to the Petition. *Id.* ¶ 88. Plaintiff provided a "comprehensive" response to the RFE on October 31, 2014, which was received by USCIS on November 13, 2014. *Id.* ¶¶ 96–112. Plaintiff's I-829 Petition was denied by USCIS on January 16, 2015. *Id*. ¶ 113.

After his petition was denied, Plaintiff voluntarily dismissed his first case and filed this lawsuit seeking review of USCIS's decision to deny the Petition. Mem. Supp. Mot. Dismiss at 2.

## **Legal Standard**

To prevail on a motion to dismiss under Rule 12(b)(6), the defendant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and construes all reasonable inferences in the non-moving party's favor. *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81 (7th Cir. 2016).

## Analysis

Plaintiff filed a writ of mandamus lawsuit while his I-829 Petition was pending USCIS's review. Compl. ¶ 87. Plaintiff contends that he had a constitutional right to file this writ under the Petition Clause of the First Amendment. *Id.* ¶¶ 140, 159, 169; *see also* U.S. Const. amend. I ("Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."). Plaintiff alleges that Defendants denied his Petition as retaliation for filing the writ of mandamus complaint. Compl. ¶¶ 140, 159, 169.

Counts V and VIII of the Complaint are both iterations of a First Amendment retaliation claim. Defendants seek to dismiss both counts on the basis that the Complaint does not allege facts sufficient to support such a claim.

To succeed under a First Amendment retaliation claim, a plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

### A. Protected First Amendment Activity

Defendants concede that Plaintiff's filing of the writ of mandamus complaint was a protected First Amendment activity. *See* Mem. Supp. Mot. Dismiss at 4–5; *see Guth v. Tazewell Cty.*, 698 F.3d 580, 585 (7th Cir. 2012).

### B. Deprivation That Would Likely Deter Future First Amendment Activity

Defendants assert that Plaintiff's pleading does not allege any deterrence of future protected activity. Under *Gomez*, Plaintiff must show that he suffered a deprivation and that this deprivation likely would deter future First Amendment activity. *Gomez*, 680 F.3d at 866.

As for the first element, Defendants do not dispute that Plaintiff suffered a deprivation when his petition was denied. Deprivation has occurred when the "defendants have engaged in 'adverse conduct.'" *Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012). The Seventh Circuit has articulated that a deprivation can be caused by an action that, absent the retaliatory animus, would otherwise be proper. *Gomez*, 680 F.3d at 866.

As for the second, in order to state a legally cognizable claim, "the alleged adverse action—independently tortious or not—must be sufficient to deter an ordinary person from engaging in that First Amendment activity in the future." *Santana*, 679 F.3d at 622. And whether an ordinary person would be deterred can be inferred from the conduct alleged in the complaint. *Gomez*, 680 F.3d at 866. This is so even when the complaint does not specifically plead that the retaliatory acts would "deter a person of ordinary firmness" from exercising future First Amendment rights. *See Bridges*, 557 F.3d at 552.

Here, Plaintiff has alleged that USCIS's denial of his I-829 Petition forced him to remain a conditional lawful permanent resident. Making all reasonable inferences in favor of the Plaintiff, as the Court must when considering a motion to dismiss, Plaintiff's allegations are sufficient to show that the deprivation likely would deter future First Amendment activity.

### C. Motivating Factor in Retaliatory Action

Defendants also contend that Plaintiff has failed to allege that his protected First Amendment activity was a "motivating factor" in USCIS's decision to deny the I-829 Petition. In order to establish a First Amendment retaliation claim, Plaintiff must demonstrate that his lawsuit was a "but-for" cause of the denial. *See Hartman v. Moore*, 547 U.S. 250, 260 (2006). At the motion to dismiss stage, this is not a particularly rigorous inquiry. In *Bridges*, for example, where a prisoner alleged repeated harassment and improper dismissal of submitted grievances,

4

the Seventh Circuit found that he stated an actionable claim based on his allegation that this harassment occurred only because of his participation in a lawsuit. *Bridges*, 557 F.3d at 553. Similarly, in *Gomez*, plaintiff alleged that he was transferred to another prison facility in retaliation for his actions. The court concluded that the plaintiff's filed grievance was a motivating factor in his transfer because "no other explanation for Gomez's transfer is available at this early stage in the proceedings." *Gomez*, 680 F.3d at 866–67.

Defendants allege that Plaintiff's Complaint is "completely devoid of facts showing that retaliation was a motivating factor in USCIS's decision." Yet, at the motion to dismiss stage, a Plaintiff need not "show[]" such facts, but merely present facts from which such an inference can reasonably be drawn. Plaintiff has alleged that, after 278 days and a detailed response to USCIS's RFE, his I-829 Petition was denied after he had filed his lawsuit. Compl. ¶ 140 ("Defendants' proffered reasons for denying Plaintiff's I-829 Petition are merely a pretext designed to hide prejudice and animus against Petitioner . . . due to Plaintiff's filing [the] writ of mandamus complaint . . . ."); *see also id.* ¶¶ 159, 169. Granting all reasonable inferences in Plaintiff's favor, these allegations are sufficient to survive a motion to dismiss.

In sum, the Court denies Defendants' motion to dismiss because Plaintiff has alleged facts sufficient to support his First Amendment retaliation claims.

## Conclusion

For the reasons stated herein, Defendants' motion to dismiss [15] is denied.

**IT IS SO ORDERED.**                **ENTERED 3/7/16**

_____
**John Z. Lee
United States District Judge**